Rule accordingly.

THE PEOPLE *ex rel*. DANIEL GRIFFIN agt. THE JUDGES OF THE COURT OF COMMON PLEAS OF THE COUNTY OF JEFFERSON.

The court will not interfere by mandamus to control the practice and judgments of other courts. They have no such jurisdiction.

*February Term*, 1846.

MOTION on notice by relator for a mandamus to require the judges to vacate an order requiring relator to file security for costs in a cause.

This was a motion for a mandamus to compel the court of common pleas of Jefferson county to vacate an order made by them requiring the relator to file security for costs, in a suit commenced by him in a justice's court, and appealed by the defendant to the court of common pleas of Jefferson county. That court have adopted a general rule, requiring a party when plaintiff, in cases of certiorari and appeal in the court

The People agt. Sage.

below, if a non-resident of the county, to file security for costs. In this case, Griffin sued Ingalls in justice's court and obtained judgment; Ingalls appealed, and then obtained an order to compel Griffin to file security for costs. The affidavit showed that the granting of the order was opposed upon the ground that the court of common pleas had no authority to [*60] require security *for costs to be filed in cases of appeal.

It was insisted by relator's counsel, that the common pleas have power to hear and determine appeals from justices' courts, in the cases and in the manner prescribed by law. 2 *R. S.* 135, § 2, *2d edition, article* 11, *p.* 186, treats " of appeals to the court of common pleas," of cases when appeals may be brought, and the manner of hearing and determining them; but there was no authority conferred by these provisions upon the courts of common pleas to require security for costs to be filed. There was no power or authority conferred by law upon the common pleas to adopt the general rule they have made in this case, and any order made under it, requiring a plaintiff appellee to file security, must be void. It was an act of legislation by the court.

M. T. REYNOLDS, *relator's counsel.*
A. FORD, *relator's attorney.*
D. BURWELL, *defendants' counsel.*
J. F. STARBUCK, *defendants' attorney.*

BRONSON, Chief Justice. This case comes within the settled principle that this court will not interfere by mandamus to control the practice or judgments of other courts. We have no such jurisdiction. Motion denied.